IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NICHOLAS ROBERT STROBEL,

     **Plaintiff,**

v.                                        CASE NO. 24-3105-JWL

UNITED STATES OF AMERICA,
et al.,

     **Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff, a federal prisoner, brings this pro se civil rights action. Plaintiff is incarcerated at FCI-Leavenworth in Leavenworth, Kansas ("FCIL"). On October 4, 2024, the Court entered a Memorandum and Order (Doc. 16) ("M&O"), granting Plaintiff an opportunity to submit an amended complaint on the court-approved form that cures all the deficiencies noted in the M&O. This matter is before the Court for screening Plaintiff's Amended Complaint (Doc. 19). The Court's screening standards are set forth in the M&O.

**I. Nature of the Matter before the Court**

Plaintiff's Amended Complaint sets forth claims under the Religious Freedom Restoration Act ("RFRA") (42 U.S.C. § 2000bb *et seq.*). Plaintiff states that he is suing Defendants in their individual and official capacities. (Doc. 19, at 1.) Plaintiff states that he is proceeding under RFRA only, and is dropping all other counts previously asserted. *Id*. at 8.

Plaintiff alleges that he has been prevented from practicing his religion at FCIL. *Id*. at 2. Plaintiff claims that Defendants have substantially burdened the practice of his religion involving: Shabbos; diet; blessings; and chapel time. *Id*.

Plaintiff alleges that he was only allowed to attend chapel five times in the last calendar year. *Id*. at 5. Plaintiff alleges that Defendant Sutton interrupted Plaintiff's Hebrew blessing to welcome the Shabbat when "he commanded to get the burned match from [Plaintiff], a match by Jewish law [Plaintiff] should not have touched again." *Id*. He also claims that he was not provided with a sufficient amount of matzah or grape juice, and the grape juice was not kosher. *Id*. On two occasions, Plaintiff was not called to chapel in time for the candle lighting. *Id*. at 6. Plaintiff also alleges that he has struggled to get three kosher meals per day. *Id*.

Plaintiff seeks to be allowed to light the candles by the allowed time and recite the blessing joyfully and proudly every Friday, and to be provided with no less than four ounces of grape juice and one matzo cracker for the blessings. *Id*. at 9. Plaintiff also seeks three kosher meals per day. *Id*. at 10. He claims that staff do not know the difference between kosher and halal meals, and food is served on standard chow hall plates/trays. *Id*. at 11. Plaintiff states that the arrival of FSA Black remedied some issues, but the remedies "do not negate the harm, irreparable harm done by Sears & Shadoan." *Id*.

Plaintiff names as defendants: the United States of America; (fnu) Hudson, Former FCIL Warden; (fnu) Carter, FCIL Warden; (fnu) Aletary, FCIL Associate Warden; (fnu) Belter, FCIL Associate Warden; (fnu) Shadoan, FCIL Captain; (fnu) Sutton, FCIL Supervisory Chaplain; (fnu) Son, FCIL Chaplain; (fnu) Sears, FCIL Food Service Administrator; and (fnu) Mcloud, FCIL Food Service Officer. Plaintiff's request for relief seeks to have the BOP train staff and inmates responsible for religious diets as follows: kosher is kosher; halal is not kosher; pareve is neutral and OK for kosher inmates; if it does not say kosher, kosher dairy, pareve or have a K in some form or a Ⓤ on the label/package, it is not kosher. *Id*. at 19. Plaintiff also seeks

compensatory and punitive damages. *Id*. Plaintiff seeks to be "allowed to bring in the Sabbath as He ordered and Jewish law states." *Id*.

## II. DISCUSSION

### 1. Compensatory Damages

Any request for compensatory damages is barred by 42 U.S.C. § 1997e(e), because Plaintiff fails to allege a physical injury.[1] Section 1997e(e) provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." 42 U.S.C. § 1997e(e).

"The plain language of the statute does not permit alteration of its clear damages restrictions on the basis of the underlying rights being asserted." *Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001). "The statute limits the remedies available, regardless of the rights asserted, if the only injuries are mental or emotional." *Id*. (citing *Robinson v. Page,* 170 F.3d 747, 748 (7th Cir.1999)).

The Court found in the M&O that any official capacity claims for monetary damages against federal officials is subject to dismissal. *See Peterson v. Timme*, 621 F. App'x 536, 541

---

[1] This Court has found that allegations of "thoughts of suicide, extreme depression, anxiety," as well as "severe stomach cramps, migraines, muscle cramps and loss of physical movement, [and] exhaustion" are not sufficient to meet the "physical injury" requirement of § 1997e(e). *Crump v. Johnson Cty. Bd. of Comm'rs.*, 2024 WL 5046299, at *6 (D. Kan. 2024) (citing *Hall v. Elbe*, No. 18-CV-01056-PAB-NRN, 2022 WL 16855691, at *13 (D. Colo. Nov. 9, 2022), citing *see, e.g., Davis v. District of Columbia*, 158 F.3d 1342, 1349 (D.C. Cir. 1998) (affirming *sua sponte* dismissal with prejudice despite prisoner's affidavit stating that he suffered weight loss, appetite loss, and insomnia after disclosure of his medical status because the language and purpose of § 1997e(e) "preclude[s] reliance on the somatic manifestations of emotional distress"); *Cooksey v. Hennessey*, 2007 WL 2790365, *1 (N.D. Cal. Sept. 20, 2007) ("Physical symptoms that are not sufficiently distinct from a plaintiff's allegations of emotional distress do not qualify as 'a prior showing of physical injury.'"); *Minifield v. Butikofer*, 298 F. Supp. 2d 900, 905 (N.D. Cal. 2004) (same); *Cannon v. Burkybile*, 2000 WL 1409852, *6 (N.D. Ill. Sept. 25, 2000) (allegations of headaches, insomnia, stress, and stomach anxiety insufficient to meet the physical injury requirement under § 1997e(e)); *Cain v. Virginia*, 982 F. Supp. 1132, 1135 & n.3 (E.D. Va. 1997) (depression and severe headaches caused by emotional distress not a "physical injury" under the PLRA)).

(10th Cir. 2015) (unpublished) (finding that a suit against a federal official in his official capacity is actually a suit against the sovereign—the United States—and is barred by sovereign immunity) (citing *Farmer v. Perrill,* 275 F.3d 958, 963 (10th Cir.2001) ("[A]ny action that charges [a federal] official with wrongdoing while operating in his or her official capacity as a United States agent operates as a claim against the United States."); *accord Simmat v. U.S. Bureau of Prisons,* 413 F.3d 1225, 1231 (10th Cir.2005)). "Ordinarily, federal courts lack jurisdiction to entertain such claims in accordance with principles of sovereign immunity." *Id*. (citing *Governor of Kan. v. Kempthorne,* 516 F.3d 833, 841 (10th Cir.2008) ("[C]laims of sovereign immunity implicate our jurisdiction . . . ."); *Merida Delgado v. Gonzales,* 428 F.3d 916, 919 (10th Cir.2005) ("In general, federal agencies and officers acting in their official capacities are also shielded by sovereign immunity.")).

### 2. RFRA

Plaintiff asserts claims under the Religious Freedom Restoration Act ("RFRA") (42 U.S.C. § 2000bb *et seq.*). RFRA provides that a government may not substantially burden a person's exercise of religion unless it demonstrates that doing so "(1) is in furtherance of a compelling government interest; and (2) is the least restrictive means of furthering that compelling government interest." 42 U.S.C. § 2000bb-1.

To the extent plaintiff seeks damages under RFRA against the Defendants in their official capacities, sovereign immunity bars any such claim. *See Hale v. FBOP*, 759 F. App'x 741, at n.4 (10th Cir. 2019) ("RFRA does not waive the federal government's sovereign immunity from damages.") (citing *Davila v. Gladden*, 777 F.3d 1198, 1210 (11th Cir. 2015); *Oklevueha Native Am. Church of Haw., Inc. v. Holder*, 676 F.3d 829, 840-41 (9th Cir. 2012); *Webman v. Fed. Bureau of Prisons*, 441 F.3d 1022, 1026 (D.C. Cir. 2006)). The congressional waiver of

sovereign immunity under RFRA is limited to RFRA claims seeking injunctive relief. *See Crocker v. Durkin,* 159 F. Supp. 2d 1258, 1269 (D.Kan.2001), *aff'd,* 53 F. App'x 503 (10th Cir. 2002).

Although the Supreme Court has held that damages claims are permissible in individual-capacity suits under RFRA, Plaintiff is subject to § 1997e(e) as stated above. *See Tanzin v. Tanvir*, 141 S. Ct. 486, 489–93 (2020) ("We conclude that RFRA's express remedies provision permits litigants, when appropriate, to obtain money damages against federal officials in their individual capacities.")[2]

### 3. First Amendment

It appears that Plaintiff may be asserting a First Amendment claim in addition to his RFRA claim. "Under the First and Fourteenth Amendments, inmates are entitled to the reasonable opportunity to pursue their sincerely-held religious beliefs." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (citation omitted); *McKinley v. Maddox*, 493 F. App'x 928 (10th Cir. 2012); *Makin v. Colorado Dept. of Corrections*, 183 F.3d 1205 (10th Cir. 1999). In order to state a constitutional denial of free exercise of religion claim, a prisoner must allege that defendants "substantially burdened his sincerely-held religious beliefs." *Gallagher*, 587 F.3d at 1069. "If the prisoner satisfies this initial step, 'defendants may identify the legitimate penological interests that justified the impinging conduct,' and '[t]he burden then returns to the prisoner to show that these articulated concerns were irrational.' " *McKinley*, 493 F. App'x at 932 (citation omitted). The court then balances factors set forth by the Supreme Court "to determine the reasonableness" of the conduct. *Id.* The Tenth Circuit has identified "three broad ways government action may impose a substantial burden on religious exercise:"

---

[2] The Court notes that the plaintiffs in *Tanzin* were not prisoners. Therefore, 42 U.S.C. § 1997e(e)'s physical injury requirement was not applicable.

> requir[ing] participation in an activity prohibited by a sincerely held religious belief, or (2) prevent[ing] participation in conduct motivated by a sincerely held religious belief, or (3) plac[ing] substantial pressure on an adherent either not to engage in conduct motivated by a sincerely held religious belief or to engage in conduct contrary to a sincerely held religious belief, such as where the government presents the plaintiff with a Hobson's choice-an illusory choice where the only realistically possible course of action trenches on an adherent's sincerely held religious belief.

*Strope v. Cummings*, 381 F. App'x 878, 881 (10th Cir. 2010) (unpublished) (citing *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1316 (10th Cir. 2010)). In *Strope*, the Tenth Circuit reasoned as follows:

> Illustrating the distinction between substantial burden and inconvenience, we held (1) the flat denial of a halal diet with approved meats was actionable, *id.* at 1316–20, but (2) an incident (the panel concurrence notes "sporadic incidents") in which a prisoner's meal was rendered inedible by service of prohibited items contaminating his tray was not actionable, *id*. at 1320–21; *id.* at 1325; see also *Gallagher*, 587 F.3d at 1070 (holding isolated violation of kosher restrictions did not support Free Exercise claim). We "assume[d] that as the frequency of presenting unacceptable foods increases, at some point the situation would rise to the level of a substantial burden," but that level had clearly not been reached.

*Id.* (citing *Abdulhaseeb*, 600 F.3d at 1321). In sum, mere inconvenience, negligence, and isolated or sporadic incidents are not sufficient to show a substantial burden.

### 4. Injunctive Relief

Plaintiff cannot sue Defendants in their individual capacities for injunctive relief. *See Brown v. Montoya*, 662 F.3d 1152, 1161 n.5 (10th Cir. 2011) ("Section 1983 plaintiffs may sue individual-capacity defendants only for money damages and official-capacity defendants only for injunctive relief.") (citing *Hafer v. Melo*, 502 U.S. 21, 27, 30 (1991)). "If equitable relief rather than damages is sought from a federal official, it must be obtained against him in his official capacity through a claim in the nature of injunction or mandamus." *Arocho v. Nafziger*, 367 F.

App'x 942, 948 n.5 (10th Cir. 2010) (unpublished) (citing *Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1231 (10th Cir. 2005)).

The Tenth Circuit has held that the Court's "traditional powers of equity . . . to prevent violations of constitutional rights . . . flow from the long-recognized 'jurisdiction of federal courts to issue injunctions to protect rights safeguarded by the Constitution.'" *Maehr v. U.S. Dep't of State*, 5 F.4th 1100, 1106 (10th Cir. 2021) (quoting *Simmat*, 413 F.3d at 1231, and *Bell v. Hood*, 327 U.S. 678, 684 (1946)). "*Bell v. Hood* held that suits for relief directly under the Constitution fall within [the] grant of jurisdiction" provided by § 1331. *Id*. (citing *Simmat*, 413 F.3d at 1232). "Section 1331 thus provides jurisdiction for the exercise of the traditional powers of equity in actions arising under federal law." *Id*. (quoting *Simmat*, 413 F.3d at 1232).

The Court is unable to determine if Plaintiff is entitled to injunctive relief against Defendants in their official capacities for violations of the First Amendment or RFRA. Plaintiff states that the arrival of FSA Black remedied some issues, but the remedies "do not negate the harm, irreparable harm done by Sears & Shadoan." (Doc. 19, at 11.) It is unclear which issues have been remedied and which issues remain. The Court also found in the M&O that plaintiff's request to have nationwide training would only bind the parties set forth in Rule 65(d)(2) of the Federal Rules of Civil Procedure. Defendant Hudson is no longer the FCIL Warden, and therefore would not be able to provide injunctive relief to Plaintiff.

The Court finds that the proper processing of Plaintiff's claims cannot be achieved without additional information from appropriate FCIL officials. The Court finds that a *Martinez* Report is warranted in light of Plaintiff's allegations regarding the availability of injunctive relief. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d

1106 (10th Cir. 1991). Accordingly, the Court orders the appropriate FCIL officials to prepare and file a *Martinez* Report.

**IT IS THEREFORE ORDERED** that:

1. FCIL officials shall submit the *Martinez* Report by **January 27, 2025.**

2. FCIL officials are directed to undertake a review of the allegations in the Amended Complaint:

>   a. To ascertain the facts and circumstances;
>
>   b. To consider whether any action can and should be taken by the institution to resolve the subject matter of the Amended Complaint; and
>
>   c. To determine whether other like complaints, whether pending in this Court or elsewhere, are related to this Amended Complaint and should be considered together.

3. Upon completion of the review, a written report shall be compiled which shall be filed with the Court and served on Plaintiff. If the FCIL officials wish to file any exhibits or portions of the report under seal or without service on Plaintiff, they must file such portions separately from the public report and provisionally under seal, to be followed immediately by a Motion to Seal or Redact Document(s). The FCIL officials are exempt from filing the Notice of Proposed Sealed Record under D. Kan. Rule 5.4.2(b).

4. Statements of all witnesses shall be in affidavit form. Copies of pertinent rules, regulations, official documents, and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report. Any recordings related to Plaintiff's claims shall also be included.

5. Authorization is granted to the FCIL officials to interview all witnesses having knowledge of the facts, including Plaintiff.

6. No motion addressed to the Amended Complaint shall be filed until the *Martinez* Report required herein has been prepared and filed.

7. Discovery by Plaintiff shall not commence until Plaintiff has received and reviewed any Court-ordered answer or response to Plaintiff's complaint. This action is exempted from the requirements imposed under Fed. R. Civ. P. 26(a) and 26(f).

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter the FCIL Warden as an interested party on the docket for the limited purpose of preparing the *Martinez* Report ordered herein.

Copies of this order shall be transmitted to Plaintiff, to the FCIL Warden, and to the United States Attorney for the District of Kansas.

**IT IS SO ORDERED**.

**Dated December 20, 2024, in Kansas City, Kansas.**

<u>S/ John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**