IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NICHOLAS ROBERT STROBEL,

    **Plaintiff,**

    v.                                                                         CASE NO. 24-3105-JWL

UNITED STATES OF AMERICA,
et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

      Plaintiff, a federal prisoner, brings this pro se civil rights action. Plaintiff is incarcerated at FCI-Leavenworth in Leavenworth, Kansas ("FCIL"). On December 20, 2024, the Court entered a Memorandum and Order (Doc. 20) ("M&O") finding that the proper processing of Plaintiff's claims for injunctive relief under RFRA and the First Amendment could not be achieved without additional information, and directing FCIL officials to submit a *Martinez* Report. The *Martinez* Report (Doc. 21) (the "Report") was filed, and on February 7, 2025, the Court entered a Memorandum and Order (Doc. 22) ("M&O 2") granting Plaintiff until March 7, 2025, in which to respond to the Report and to show good cause why his claims should not be dismissed for the reasons set forth in the M&O 2.

      This matter is before the Court on Plaintiff's Motion for Reconsideration (Doc. 23) and request for a status report (Doc. 24). Plaintiff seeks reconsideration of the Court's M&O at Doc. 20. Specifically, Plaintiff takes issue with the Court's finding that any request for compensatory damages in this case is barred by 42 U.S.C. § 1997e(e).

      Local Rule 7.3 provides that "[e]xcept for motions under Fed. R. Civ. P. 59(e) or 60, parties seeking reconsideration of a court order must file a motion within 14 days after the order

is served unless the court extends the time" and "[a] motion to reconsider must be based on: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice."  D. Kan. Rule 7.3.  "The court may deny a motion to reconsider pursuant to D. Kan. Rule 7.3 without awaiting a response or the court may set a response deadline." D. Kan. Rule 6.1(d)(3).  "No response is necessary unless the court establishes a response deadline." *Id*.

In the motion, Plaintiff disputes the application of 42 U.S.C. § 1997e(e) to his claims, arguing that it does not apply to injuries that are neither mental nor emotional. (Doc. 23, at 1.) Plaintiff alleges that Defendants are substantially burdening his right to practice his religion. *Id*. at 2.  Plaintiff argues that money damages are allowed under the RFRA. *Id*.

The Court explained in the M&O that Plaintiff failed to allege a physical injury and therefore any request for compensatory damages is barred by § 1997e(e).  The Court also explained that "[a]lthough the Supreme Court has held that damages claims are permissible in individual capacity suits under RFRA, Plaintiff is subject to § 1997e(e) as stated above." (Doc. 20, at 5) (citing *Tanzin v. Tanvir*, 141 S. Ct. 486, 489–93 (2020) ("We conclude that RFRA's express remedies provision permits litigants, when appropriate, to obtain money damages against federal officials in their individual capacities.")).  The Court also noted that the plaintiffs in *Tanzin* were not prisoners, and therefore § 1997e(e)'s physical injury requirement was not applicable. (Doc. 20, at n.2.)  However, Plaintiff is a prisoner and § 1997e(e) applies to his claims.  Plaintiff has failed to allege a physical injury.

Plaintiff's request is untimely, and he has failed to present any of the grounds warranting reconsideration as set forth in Local Rule 7.3.  Plaintiff has not set forth an intervening change in

controlling law or the availability of new evidence.  Plaintiff has not set forth the need to correct clear error or to prevent manifest injustice.  The motion for reconsideration is denied.

In his request for a status report, Plaintiff asks the Court to advise him of the status of his case.  The Court will direct the Clerk to send Plaintiff a copy of the Court's M&O 2, and a copy of the docket in this case.  The Court will also grant Plaintiff a short extension of time to respond to the M&O 2.   In his motion for reconsideration, Plaintiff asks the Court to provide information on how to file an appeal of this Court's decisions.  (Doc. 23, at 4.)  The Court will direct the Clerk to provide Plaintiff with a sample form for filing a Notice of Appeal from a judgment or order of a district court.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Reconsideration (Doc. 23) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff is granted until **March 14, 2025,** in which to respond to the Report at Doc. 21, and to show good cause, in writing to the undersigned, why Plaintiff's claims should not be dismissed for the reasons stated in the Court's M&O 2 at Doc. 22.  Failure to respond by the deadline may result in dismissal of this action without further notice for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk is directed to send Plaintiff a copy of the Court's M&O 2 at Doc. 22, a copy of the docket in this case, and a sample form for filing a Notice of Appeal from a judgment or order of a district court.

**IT IS SO ORDERED**.

**Dated February 26, 2025, in Kansas City, Kansas.**

<u>S/ John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**