IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NICHOLAS ROBERT STROBEL,

    **Plaintiff,**

    v.                        CASE NO. 24-3105-JWL

UNITED STATES OF AMERICA,
et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff, a federal prisoner, brings this pro se civil rights action. Plaintiff is incarcerated at FCI-Leavenworth in Leavenworth, Kansas ("FCIL"). On December 20, 2024, the Court entered a Memorandum and Order (Doc. 20) ("M&O") finding that the proper processing of Plaintiff's claims for injunctive relief under RFRA and the First Amendment could not be achieved without additional information, and directing FCIL officials to submit a *Martinez* Report. The *Martinez* Report (Doc. 21) (the "Report") was filed, and on February 7, 2025, the Court entered a Memorandum and Order (Doc. 22) ("M&O II") granting Plaintiff until March 7, 2025, in which to respond to the Report and to show good cause why his claims should not be dismissed for the reasons stated in the M&O II. The Court denied Plaintiff's motion for reconsideration, and extended the response deadline to March 14, 2025. (Doc. 26). Plaintiff sought an additional extension of time, and the Court extended the response deadline to April 14, 2025. (Doc. 28.) Plaintiff has failed to respond by the Court's deadline.

Plaintiff's Amended Complaint sets forth claims under the Religious Freedom Restoration Act ("RFRA") (42 U.S.C. § 2000bb *et seq.*). Plaintiff states that he is suing

1

Defendants in their individual and official capacities, and that he is proceeding under RFRA only, and is dropping all other counts previously asserted. (Doc. 19, at 1, 8.)

Plaintiff's allegations in his Amended Complaint are set forth in detail in the M&O II. In summary, Plaintiff alleges that he has been prevented from practicing his religion at FCIL. *Id*. at 2. Plaintiff claims that Defendants have substantially burdened the practice of his religion involving: Shabbos; diet; blessings; and chapel time. *Id*. The M&O II also sets forth the details of the Report.

The Court found in the M&O that: any request for compensatory damages is barred by 42 U.S.C. § 1997e(e), because Plaintiff fails to allege a physical injury; any official capacity claims for monetary damages against federal officials is barred by sovereign immunity; although the Supreme Court has held that damages claims are permissible in individual-capacity suits under RFRA, Plaintiff is subject to § 1997e(e); Plaintiff cannot sue Defendants in their individual capacities for injunctive relief; and mere inconvenience, negligence, and isolated or sporadic incidents are not sufficient to show a substantial burden on his sincerely-held religious beliefs.

The Court found in the M&O that it was unable to determine if Plaintiff is entitled to injunctive relief against Defendants in their official capacities for violations of the First Amendment or RFRA. The Court noted that Plaintiff states that the arrival of FSA Black remedied some issues, but the remedies "do not negate the harm, irreparable harm done by Sears & Shadoan." (Doc. 19, at 11.) The Court found that it was unclear which issues had been remedied and which issues remained. The Court also found that Defendant Hudson is no longer the FCIL Warden, and therefore would not be able to provide injunctive relief to Plaintiff.

The Court found that the proper processing of Plaintiff's claims could not be achieved

without additional information from appropriate FCIL officials.  The Court found that a *Martinez* Report was warranted in light of Plaintiff's allegations regarding the availability of injunctive relief.  *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991).

In the M&O II, the Court found that based on the Report, it appears that Plaintiff is not entitled to injunctive relief.  The Report provides that Plaintiff has not exhausted his administrative remedies with respect to the claims he makes in his Amended Complaint.  Regarding Chapel attendance, the Report provides that Plaintiff either generally attends in the Chaplaincy Department or has grape juice and matzah brought to his Unit.  "In times where the sun[]sets earlier, Plaintiff should request the accommodation to be placed on an out-count if he believes he needs additional time to make it down to the Chaplaincy Department." (Doc. 21–1, at 25.)  "Overall, the issue of Chapel attendance for Sabbath services does not appear to be a consistent or weekly problem and the issue of Religious meals appears to be resolved." *Id*.

The Court found that it was considering dismissal of Plaintiff's claims based on the Report, and granted Plaintiff an opportunity to respond to the Report and to show good cause why his claims should not be dismissed for failure to state a claim.  The M&O II provides that "[f]ailure to respond by the Court's deadline may result in dismissal of this action without further notice for failure to state a claim."  (Doc. 22, at 11.)  Plaintiff has failed to respond by the Court's deadline and has failed to show good cause why his claims should not be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated April 23, 2025, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**
