FILED
U.S. District Court
District of Kansas
09/22/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**NICHOLAS ROBERT STROBEL,**

**Plaintiff,**

**v.** **CASE NO. 24-3105-JWL**

**UNITED STATES OF AMERICA, et al.,**

**Defendants.**

## MEMORANDUM AND ORDER

Plaintiff, a federal prisoner, brought this pro se civil rights action. At the time of filing, Plaintiff was incarcerated at FCI-Leavenworth in Leavenworth, Kansas ("FCIL"). On April 23, 2025, the Court entered a Memorandum and Order (Doc. 29) dismissing this matter for failure to state a claim. On September 14, 2026, Plaintiff filed a Notice of Appeal (Doc. 34) ("NOA"). This matter is before the Court upon the Tenth Circuit's abatement of the appeal to allow this Court an opportunity to consider whether to treat Plaintiff's NOA as a motion to extend and/or reopen the time to appeal, and if so, whether to grant any such relief. (Doc. 37, at 2.)

The United States Court of Appeals for the Tenth Circuit entered an Order (Doc. 37) stating that it "appears that Mr. Strobel's notice of appeal—not filed until September 14, 2026—is not timely." *Id*. at 1 (citing Fed. R. Civ. P. 4(a)(1)). The Tenth Circuit noted that the NOA "potentially describes circumstances that might warrant the district court treating it as a motion to extend and/or reopen the time to appeal under Federal Rule of Appellate Procedure 4(a)(5) and/or 4(a)(6)." *Id.* (citing *Parrish v. United States*, 605 U.S. 376, 387 (2025); *Winters v. Taskila*, 88 F.4th 665 (6th Cir. 2023)).

Generally, an appeal from a judgment entered in a case where the United States is a party must be filed within 60 days from entry of the judgment. 28 U.S.C. § 2107(a) and (b)(1); Fed. R. App. P. 4(a)(1)(B)(i). Congress crafted two exceptions to the 60-day time limit for filing a notice of appeal in cases involving the United States as a party:

> First, any time during the appeal period, or within 30 days after its expiration, the district court may "extend the time for appeal upon a showing of excusable neglect or good cause." § 2107(c). Second, when "a party entitled to notice" of a decision "d[oes] not receive such notice . . . within 21 days of [the decision's] entry," the district court may "reopen the time for appeal for a period of 14 days from the date of entry of the [reopening] order," if no party would be prejudiced by the reopening. *Ibid.* To take advantage of the latter provision, a litigant must file a motion to reopen "within 180 days after entry of the judgment or order or within 14 days after" receiving it, "whichever is earlier." *Ibid.*

*Parrish v. United States*, 605 U.S. at 382 (citing 28 U.S.C. § 2107(c)).

Rule 4(a) likewise provides that the district court may extend the time to file a notice of appeal if: "**(i)** a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and **(ii)** regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A)(i) and(ii). The rule also provides that the district court may reopen the time to file an appeal:

> but only if the following conditions are satisfied:
>
> **(A)** the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> **(B)** the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> **(C)** the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).

Plaintiff's NOA relates to a judgment that was entered as a separate document on the docket on April 23, 2025. Rule 4(a)(7) provides where Rule 58(a) requires a separate document,[1] a judgment is entered for purposes of Rule 4(a) when the earlier of these events occurs: "the judgment or order is set forth on a separate document, or 150 days have run from entry of the judgment or order in the civil docket under Federal Rule of Civil Procedure 79(a)." Fed. R. App. P. 4(a)(7).

The Court will construe Plaintiff's NOA as seeking an extension of time to file his notice of appeal and as a request to reopen the time for filing an appeal. *See Parrish*, 605 U.S. at 387 ("There is no reason why Parrish's filing could not . . . serve as both a notice of appeal and a request for reopening.") Plaintiff did not file his NOA within 30 days after the 60-day time limit in Rule 4(a)(1), and he has failed to show excusable neglect or good cause. *See* Fed. R. App. P. 4(a)(5)(A)(i) and (ii). The Court entered an order on September 3, 2025—a year prior to him filing his NOA—advising Plaintiff that the case was dismissed and providing him with a current docket sheet. (Doc. 32.) Plaintiff clearly received the order and docket sheet because he attached them to filings in other cases pending in this Court. In addition, he acknowledges that he was aware of the dismissal no later than April 28, 2026, as set forth below. He did not file his NOA for over four months after that date.

On December 20, 2024, the Court entered a Memorandum and Order (Doc. 20) ("M&O") finding that the proper processing of Plaintiff's claims for injunctive relief under RFRA and the First Amendment could not be achieved without additional information, and directing FCIL officials to submit a *Martinez* Report. The *Martinez* Report (Doc. 21) (the "Report") was filed, and on February 7, 2025, the Court entered a Memorandum and Order (Doc. 22) ("M&O II")

---

[1] Under Fed. R. Civ. P. 58(a), except for judgments disposing of Rule 50(b) and Rule 52(b) motions, "[e]very judgment and amended judgment must be set out in a separate document . . .." Fed. R. Civ. P. 58(a).

granting Plaintiff until March 7, 2025, in which to respond to the Report and to show good cause why his claims should not be dismissed for the reasons stated in the M&O II. The Court denied Plaintiff's motion for reconsideration, and extended the response deadline to March 14, 2025. (Doc. 26). Plaintiff sought an additional extension of time, and the Court extended the response deadline to April 14, 2025. (Doc. 28.) The M&O II provides that "[f]ailure to respond by the Court's deadline may result in dismissal of this action without further notice for failure to state a claim." (Doc. 22, at 11.) Plaintiff failed to respond by the April 14, 2025 deadline. Therefore, this case was dismissed for failure to state a claim on April 23, 2025. (Doc. 29.)

On August 29, 2025, Plaintiff filed a notice (Doc. 31) advising the Court that he was currently housed at USP-Marion in Marion, Illinois. Plaintiff states that his response to the *Martinez* Report given to staff at FCIL in March 2025 "never got mailed to the Court." (Doc. 31, at 1.) He asked the Court for the status of this case and for appeal information for this case. *Id*. Plaintiff claims that he was placed in the SHU at FCIL on April 12, 2025, and he was denied his legal work until his transfer in August of 2025. *Id*. He claims in the August 29, 2025 filing that he still does not have it. *Id*. Plaintiff again asked for information on how to appeal this case. *Id*. at 2. Plaintiff signed Doc. 31 on August 25, 2025. *Id*.

On September 3, 2025, the Court entered an Order advising Plaintiff that this case was dismissed for failure to state a claim on April 23, 2025, and directing the Clerk to send Plaintiff a copy of the docket sheet for this case. (Doc. 32, at 1–2.) The Order also provides that:

> Plaintiff also seeks information on how to appeal this case. The Court cannot give Plaintiff legal advice. *See*, *e.g.*, *Kruskal v. Martinez*, 859 F. App'x 336, 338 (10th Cir. 2021) (unpublished) (holding that a federal district court "could not give legal advice" to a pro se litigant who sought information about where to file his appeal); *Betts v. Spies*, 2022 WL 1288421, *1 (D. Kan. 2022) (unpublished) ("[T]he Court cannot provide Plaintiff with legal advice."). Information about the procedures for initiating an appeal

> are set forth in Rules 3, 4, and 5 of the Federal Rules of Appellate Procedure. Additional information is available on the website of the United States Court of Appeals for the Tenth Circuit.
>
> This case was dismissed on April 23, 2025, and remains closed. Therefore, the Court will not be granting any further relief in this case.

*Id*. at 2. On September 3, 2025, the Order and a copy of the docket sheet were mailed to Plaintiff at his new address at USP-Marion. Plaintiff filed his NOA over a year later on September 14, 2026.

Plaintiff clearly received the Court's September 3, 2025 Order and the copy of the docket sheet, because he attached them to his complaint filed in a different case in this Court on July 1, 2026. *See Strobel v. United States*, Case No. 26-3211-JWl, Doc. 1–1, at 17–20 (D. Kan. July 1, 2026). Plaintiff also acknowledges that this case was dismissed in a statement in his complaint in Case No. 26-3211 that he states was prepared on April 28, 2026. *Id*. at Doc. 1, at 23.[2] Plaintiff has failed to show excusable neglect or good cause warranting an extension of time to file his NOA.

Section 2107(c) and Fed. R. App. 4(a)(6) also provide that the Court may reopen the time to file an appeal if: the movant did not receive the notice of the entry of the judgment within 21 days after entry; the motion is filed within 180 days after the judgment is entered or within 14 days after the moving party received notice of the entry, whichever is earlier; and the Court finds that no party would be prejudiced. Fed. R. App. P. 4(a)(6). As set forth above, Plaintiff did not file his motion within 14 days of receiving notice of the entry of the Court's judgment or within 180 days after the judgment was entered. This is distinguishable from the plaintiff in *Parrish*, who did not receive notice of the court's March 23, 2020 judgment until June 25, 2020, but he filed his

[2] Plaintiff references that the date it was prepared was April 28, 2026, but later in the document he claims the date is April 28, 2025.

notice of appeal 13 days later on July 8, 2020. *See Parrish*, 605 U.S. at 380; *see also Winters v. Taskila*, 88 F.4th 665, 671 (6th Cir. 2023) ("Winters filed the pleading within 14 days of obtaining notice of the district court's decision."). Therefore, any request for an extension of time to file a notice of appeal or to reopen the time to file a notice of appeal is denied.

Plaintiff has also filed a motion for leave to appeal in forma pauperis. (Doc. 34.) In his motion, Plaintiff states that the issues on appeal include First Amendment violations regarding his mail, RFRA violations, Eighth and Fourteenth Amendment violations, due process issues, and "a number of illegal dishonest actions by BOP staff." *Id*. at 2. In his affidavit accompanying his motion he lists his issues on appeal as RFRA violations, staff lies in the Report, RFRA punitive award, Constitutional violations ("1st, 8th, 14th, as well as others"), staff destruction of legal documentation, due process violations, tort violations, and "staff not mailing, holding, photocopying & opening legal mail not in my presence . . . etc. . . ." *Id*. at 4. However, Plaintiff's Amended Complaint sets forth claims under the Religious Freedom Restoration Act ("RFRA") (42 U.S.C. § 2000bb *et seq*.). Plaintiff states that he is suing Defendants in their individual and official capacities, and that he is proceeding under RFRA only, and is dropping all other counts previously asserted. (Doc. 19, at 1, 8.) The Court found that Plaintiff would only be entitled to injunctive relief in this case.[3] Despite Plaintiff's list of issues on appeal, the Court's judgment only applied to his sole claim under RFRA.

An appeal may not be taken in forma pauperis "if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3); *see also* Fed. R. App. P. 24(a)(3). The Court certifies that the appeal is not taken in good faith. Plaintiff's NOA is untimely. *See Hills v. Lamar Cnty. School Dist.*, 2013 WL 4553095, at *1 (S.D. Miss. 2013) (denying motion for leave to

[3] The Court found that any request for compensatory damages is barred by 42 U.S.C. § 1997e(e). The Court notes that Plaintiff was transferred from FCIL to FCI-Marion, rendering his request for injunctive relief moot.

proceed in forma pauperis on appeal and certifying that appeal was not taken in good faith because the appeal was not timely) (citing *see Evans v. Sims,* No. 12–60563, 2013 WL 3286249, at *1 (5th Cir. Mar. 8, 2013) (denying plaintiff's motion to proceed IFP and dismissing appeal since the notice of appeal was untimely); *United States v. Rivera–Moreno,* No. 8:04CR118–1, 2008 WL 5083865, at *1 (D. Neb. Nov. 25, 2008) (certifying that the appeal was not taken in good faith due to its untimely nature); *Daniels v. Keith,* No. 06–5142, 2007 WL 1821401, at *1 (W.D. Ark. June 25, 2007) ("motion to appeal IFP is denied as the appeal is untimely and therefore not taken in good faith, 28 U.S.C. § 1915(a)(3)")).

**IT IS THEREFORE ORDERED BY THE COURT** that any request for an extension of time to file a notice of appeal or to reopen the time to file a notice of appeal is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to appeal in forma pauperis (Doc. 34) is **denied** as not taken in good faith.

**IT IS SO ORDERED**.

**Dated September 22, 2026, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**